**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DEXTER WAYNE GIVENS and
DOLLY GIVENS, as personal
representatives of the ESTATE
of DARREN GIVENS, deceased,

     Plaintiffs,

vs.                                                      CASE NO. 3:10-cv-200-J-34TEM

ICON MOTOR SPORTS, *et al.*,

     Defendants.

_____

**O R D E R**

     This matter is before the Court on the parties' Agreed Motion to Release Autopsy Photographs and Medical Examiner Records (Doc. #34).  This diversity wrongful death action was brought on behalf of the estate of the decedent, Darren Givens, pursuant to Florida's Wrongful Death Act (Doc. #27, Amended Complaint).  On or about October 29, 2007, an autopsy was performed on the decedent by the Office of the Medical Examiner in St. Augustine, Florida (*see* Doc. #34 at 1).  Pursuant to Florida Statutes, Section 406.135, a court order is required in order for the Medical Examiner to release copies of any or all photographs, videos, slides, toxicology records, medical reports, etc.   In accordance therewith, the parties request that the Court enter such an order (Doc. #34).

     The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682

(1958).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

In addition, pursuant to Rule 26(c), a court may enter a protective order upon motion of a party "for good cause shown."  FED. R. CIV. P. 26.  The Court must evaluate and balance the interests of the parties and non-parties concerning dissemination of discovery material against the public's interest in gaining access to the information.  *In Re Alexander Grant & Co. Litigation,* 820 F.2d 352, 355-357 (11th Cir. 1987).  Further, a court may enter a protective order when it is necessary to expedite the flow of discovery material, promote prompt resolution of disputes over confidentiality, or facilitate the preservation of material arguably worthy of protection.  *See McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989); *In Re Alexander*, 820 F.2d at 356.

As the records pertaining to the decedent's autopsy appear necessary for trial preparation, the undersigned finds the requisite good cause exists for the issuance of an Order authorizing the release of copies of documents made in connection therewith.  In addition, the undersigned finds a protective order is due to be entered in this instance for good cause shown.

Based on the foregoing, it is hereby **ORDERED**:

1.     The <u>Medical Examiner</u> is **DIRECTED** to release copies of any an all photographs, videos, slides, x-rays, toxicology records, video or audio recordings of the autopsy, reports, medical records, or other documents made in connection with the autopsy of Darren Givens to any attorney for any

party to the instant lawsuit.   The Medical Examiner shall release these materials upon presentation of a copy of this Order, together with the appropriate fee(s) charged by the Medical Examiner for duplication of such materials.

2.    The parties and their attorneys are **DIRECTED** to maintain the confidentiality of any and all photographs, videos, slides, x-rays, toxicology records, video or audio recordings of the autopsy, reports, medical records, or other documents produced by the Medical Examiner pursuant to this Order.  These materials are to be used solely in connection with this lawsuit and for no other purpose.  The parties and their attorneys are permitted to share these materials with their consultants and experts; however, the parties and their attorneys shall not reveal these materials to any third party not connected with this lawsuit.

3.    This Order compels only the production of copies of any materials related to the subject autopsy.  All **original materials** shall be retained by the Medical Examiner and **shall not be produced**.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of August, 2010.


Copies to all counsel of record

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge

3